UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID HAWRYSZKO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cv-00311-SRC ) |
| USAA INSURANCE AGENCY, INC., | ) ) |
| Defendant. | ) ) ) |

**Memorandum and Order**

Plaintiff David Hawryszko sued Defendant USAA Casualty Insurance Company[1] in state court, alleging that USAA failed to pay him insurance benefits to which he was entitled.  Doc. 7.  USAA removed the case to this Court, alleging federal jurisdiction under the rubric of diversity.  Doc. 1.  After the Court questioned USAA's allegations regarding the amount in controversy, it ordered supplemental briefing and evidence on that point.  Doc. 14.  In response, USAA produced a demand letter from Hawryszko seeking "his complete underinsured motorist benefits" under an insurance policy worth up to $100,000.  *See* doc. 18-1 at 1; doc. 18-4.  Hawryszko countered by filing a signed and sworn affidavit making a binding stipulation limiting his recovery in this case to $74,500.  Doc. 20-2.

A defendant may remove to federal court any state-court civil action over which the federal court could exercise original jurisdiction.  28 U.S.C. § 1441(a).  "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  The federal

---

[1] USAA explains that the case caption does not reflect Defendant's correct name, *see* doc. 18 at 1 n.1, so the Court refers to Defendant by its proper name (or simply "USAA") throughout this order.

court must remand the case to state court if it appears that the federal court lacks subject-matter jurisdiction.  *Id.*; 28 U.S.C. § 1447(c).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  *In re Prempro Prods.*, 591 F.3d at 620.

Here, the question is whether Hawryszko's signed stipulation that he seeks no more than $74,500 suffices to keep the amount at stake in this case beneath the minimum amount-in-controversy required to trigger federal jurisdiction.  *See* 28 U.S.C. § 1332.  The answer, in short, is yes.  Under Missouri law, Hawryszko's signed stipulation constitutes a binding judicial admission, which is "an act done in the course of judicial proceedings that concedes for the purpose of litigation that a certain proposition is true."  *K.W. by and through Lane v. State Farm Mut. Auto. Ins. Co.*, No. 4:22-cv-00343-SRC, 2022 WL 1044898, at *1 (E.D. Mo. Apr. 7, 2022) (quoting *Lindsey v. Nationwide Ins. Co.*, No. 4:21-cv-01054-SRC, slip op. at 5 (E.D. Mo. Oct. 27, 2021)); *Cane Creek Quarry, LLC v. Equip. Transp., Inc.*, No. 1:20-cv-00268-SRC, 2021 WL 765287, at *5 (E.D. Mo. Feb. 26, 2021) (quoting *Moore Auto. Grp., Inc. v. Goffstein*, 301 S.W.3d 49, 54 (Mo. 2009)).  And in Missouri, when a party makes factual allegations against his own interests, those admissions bind him in that action.  *K.W. by and through Lane*, 2022 WL 1044898, at *1 (quoting *Lindsey*, No. 4:21-cv-01054-SRC, at 5); *Sebree v. Rosen*, 393 S.W.2d 590, 602 (Mo. 1965) ("Judicial admissions against interest are conclusive against the party making them in the absence of contradictory evidence.").

Here, Hawryszko has "agree[d] to limit [his] recovery to $74,500, inclusive of attorneys' fees, expenses, interest and penalties," doc. 20-2 at 1, and he relies heavily on that sworn statement in his brief urging the Court to remand this case to the state court, *see* doc. 20.  The Court finds that Hawryszko's statements in the stipulation and brief "constitute binding judicial admissions that, under Missouri state practice, make it a legal impossibility for [him] to recover more than [the federal jurisdictional amount] in state court."  *K.W. by and through Lane*, 2022

2

WL 1044898, at *2.  Accordingly, a fact-finder could not "legally conclud[e] that the damages sought are greater than the requisite jurisdictional amount." *Id.* (citing *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009), for the proposition that on removal, the jurisdictional question is "not whether the damages are greater than the requisite amount, but whether a fact[-]finder might legally conclude that they are").  USAA resists this conclusion, arguing that because Hawryszko's affidavit post-dates the removal of this case, it does not relate to the question of federal jurisdiction at the instant of removal, which ought to be the time period governing the analysis here.  *See* doc. 21; *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) ("jurisdiction is measured at the time of removal"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."). But simply because the jurisdictional inquiry turns on the moment of removal does not render Hawryszko's post-removal affidavit futile:  instead, "[t]he test is simply whether the additional proof sheds light on the situation that existed when the case was removed."  *Leflar v. Target Corp.*, 57 F.4th 600, 605 (8th Cir. 2023).

      Here, the affidavit passes that test.  Hawryszko's post-removal stipulation "clarifies, rather than amends, [his] state[-]court petition." *K.W. by and through Lane*, 2022 WL 1044898, at *1 (citing *Lindsey*, No. 4:21-cv-01054-SRC, at 6).  His state-court petition "does not expressly state a claim in excess of the jurisdictional amount." *Id.* (citing *Lindsey*, No. 4:21-cv-01054-SRC, at 6); *see* doc. 7.  And "[t]he post-removal stipulation changes nothing about [Hawryszko]'s allegations and instead crystalizes the amount in controversy." *K.W. by and through Lane*, 2022 WL 1044898, at *1 (citing *Lindsey*, No. 4:21-cv-01054-SRC, at 6). Accordingly, when the Court considers Hawrysko's petition, doc. 7, as clarified by his affidavit,

3

doc. 20-2, the Court concludes that it does not have subject-matter jurisdiction, and must therefore remand this case.

For the reasons described above, the Court remands this case to the Circuit Court of Jefferson County. The Court denies USAA's pending [5] Motion to dismiss as moot. Finally, pursuant to 28 U.S.C. § 1447(c), the Court directs the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court. A separate order of remand accompanies this memorandum and order.

So ordered this 5th day of April 2024.

*SL R. CR*
_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE